O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AETHER, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNT HOLDINGS, OÜ,<br><br>                    Defendant. | Case No.: 2:21-cv-00313-MEMF(Ex)<br><br>**ORDER GRANTING DEFENDANT UNT HOLDINGS, OÜ'S MOTION TO DISMISS WITH LEAVE TO AMEND [ECF NO. 19] AND PLAINTIFF AETHER LLC'S REQUEST FOR JUDICIAL NOTICE [ECF NO. 23]** |

Before the Court is the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (ECF No. 19) and Request for Judicial Notice (ECF No. 19-2) filed by Defendant Unt Holdings, OÜ, and Request for Judicial Notice (ECF No. 23-2) filed by Plaintiff Aether, LLC. For the reasons stated herein, the Court GRANTS the Motion to Dismiss regard to Rule 12(b)(2) WITH LEAVE TO AMEND and DENIES AS MOOT the Motion to Dismiss pursuant to 12(b)(6). The Court GRANTS both Defendant Unt Holdings OÜ and Plaintiff Aether, LLC's Requests for Judicial Notice.

/ / /

/ / /

1

**BACKGROUND**

I. **Factual Background**[1]

Plaintiff Aether, LLC ("Aether") is a clothing company with its principal place of business in Los Angeles, California. Compl. ¶¶ 2,7.[2] Aether owns and operates four retail stores in the United States in New York, Los Angeles, San Francisco, and Aspen, Colorado. *Id.* ¶ 13. Defendant Unt Holdings, OÜ ("Unt") is a private limited company registered under the laws of Estonia with its principal place of business in Estonia. *Id.* ¶ 3.

Since at least 2009, Aether has held three U.S. Trademark Registrations for the AETHER trademark (the "AETHER mark") attached to a variety of clothing items including eye wear, t-shirts, sweatshirts, swimwear, and ski apparel[3] (collectively, the "AETHER Trademarks"). *Id.* ¶¶ 8, 20, 33–34.

In early January 2021, Aether became aware that Unt had applied with the United States Patent and Trademark Office ("USPTO") to register "A Aether" as a mark for use in connection with "[e]ye wear; spectacles; smartglasses; sunglasses; prescription eyewear; optical glasses; goggles for sports; 3d spectacles; spectacle frames; spectacle cases; smart phones in the form of eyewear" (the "Products"). *Id.* ¶ 19. Soon after, on January 21, 2021, Unt registered the website domain "www.aether-eyewear.com" (the "Website"), which directs visitors to pages where they can

---

[1] Unless otherwise indicated, the following facts are derived from the Complaint. ("Complaint" or "Compl."), ECF No. 1.
[2] The Complaint includes a number of exhibits. Pursuant to the incorporation by reference doctrine, the Court considers the exhibits in its analysis. *See* 5A Charles A. Wright & Arthur Miller, *Fed. Prac. & Proc. Civ.* § 1327 (4th ed. 2022) ("Federal Rule of Civil Procedure 10(c) authorizes the incorporation of 'a written instrument that is an exhibit' attached to a pleading and makes the material thus incorporated an integral part of that pleading for all purposes."); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").
[3] These trademarks include No. 3723747 for "ski jackets, parkas; jackets, sweat shirts; t-shirts, polo shirts, shirts; rain jackets in Int'l Class 25 on the Principal Register"; No. 3819754 "for shorts and swimwear in Int'l Class 25 on the Principal Register"; No. 4190890 for "ski pants; ski trousers; ski wear; pants, snowboard pants in Int'l Class 25 on the Principal Register." Compl. ¶ 8.

purchase the Products. *Id.* The website is accessible in the United States and in California and the products are available in United States Dollars. *Id.* ¶ 20.

On August 18, 2021, Aether filed a Notice of Opposition with the Trademark Trial and Appeal Board of the USPTO opposing the registration of Unt's mark on the ground of likelihood of confusion. *See Aether, LLC v. Unt Holdings Oü*, No. 91271219-OPP (TTAB, filed Aug. 18, 2021); *see also* Declaration of Eric Caligiuri ("Caligiuri Decl."), ECF No. 23–1, Ex. 11.

## II. Procedural History

Aether filed its initial complaint on January 13, 2021, alleging eight causes of action: (1) trademark infringement, 15 U.S.C. § 1114(1); (2) false designation of origin, 15 U.S.C. § 1125(A); (3) trademark dilution, 12 U.S.C. § 1125(C); (4) cyberpiracy, 15 U.S.C. § 1125(d); (5) common law trademark infringement; (6) common law unfair competition; (7) unfair competition, CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; and (8) trademark dilution and injury to business reputation, CAL. BUS. & PROF. CODE §§ 14202, *et seq.* ECF No. 1. On October 20, 2021, Unt filed the instant Motion to Dismiss for lack of personal jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Motion to Dismiss, ECF No. 19 ("Motion" or "Mot."). Unt also filed a contemporaneous Request for Judicial Notice in support of the Motion. Unt's Request for Judicial Notice, ECF No. 19-2 ("Unt Request"),. On February 10, 2022, pursuant to an Order of the Chief Judge, this case was transferred to this Court. ECF No. 25. The Motion was fully briefed as of March 28, 2022. *See* Opposition, ECF No. 23 ("Opp'n"),; Reply, ECF No. 28. Aether also filed a contemporaneous Request for Judicial Notice in support of the Opposition. Aether's Request for Judicial Notice, ECF No. 23–2 ("Aether Request"). On June 14, 2022, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing. ECF No. 32; *see also* C.D. Cal. L.R. 7-15.

## REQUESTS FOR JUDICIAL NOTICE

### I. Applicable Law

A court may take judicial notice of facts not subject to reasonable dispute where the facts "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID.

1  201(b). Under this standard, courts may take judicial notice of "*undisputed* matters of public record,"
2  but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of*
3  *Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of*
4  *Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

    **II.**    **Aether's Request for Judicial Notice**

Aether submits—and asks the Court to take judicial notice of—eleven (11) exhibits in support of its Opposition:

1. A copy of the webpage located at: https://minimalissimo.com/creators/aether-eyewear attached as Exhibit 1 to the Declaration of Eric Caligiuri, ECF No. 23-1 ("Caliguri Decl.") (last visited January 22, 2022).
2. A copy of the webpage located at: https://www.dezeen.com/2021/03/12/aether-audio-eyewear/ attached as Exhibit 2 to the Caliguri Decl. (last visited January 22, 2022).
3. A copy of the webpage located at: https://www.wallpaper.com/technology/aether-audio-eyewear and attached as Exhibit 3 to the Caliguri Decl. (last visited January 22, 2022).
4. A copy of the webpage located at: https://www.linkedin.com/company/aethereyewear/posts/?feedView=all attached as Exhibit 4 to the Caliguri Decl. (last visited January 22, 2022).
5. A copy of the webpage located at: https://www.designboom.com/technology/aether-audio-enabled-eyewear-collectionambience- 04-02-2021/ and attached as Exhibit 5 to the Caliguri Decl. (last visited January 22, 2022).
6. A copy of the webpage located at: https://www.opumo.com/magazine/aether-next-gen-audio-eyewear/ attached as Exhibit 6 to the Caliguri Decl. (last visited January 22, 2022).
7. A copy of the webpage located at: https://imboldn.com/aether-audioeyewear/ attached as Exhibit 7 to the Caliguri Decl. (last visited January 22, 2022).
8. A copy of the webpage located at: https://www.opticaljournal.com/aether-to-launch-its-premier-audioenabled-eyewearcollection/ as visited on January 22, 2022, and attached as Exhibit 8 to the Caliguri Decl. (last visited January 22, 2022).

    9. A copy of pages from the webpage located at: https://aethereyewear. com/ attached as Exhibits 9 and 10 to the January 24, 2022 Caliguri Decl. (last visited January 23, 2022).

    10. A true and correct copy of Unt's Answer in Trademark Trial and Appeal Board proceeding no. 91271219 as attached as Exhibit 11 to the Caliguri Decl.

Aether Request at 1–3.

Although a district court generally may not consider any material beyond the pleadings in ruling on a motion to dismiss, the court may take judicial notice of matters in the public record. *Lee*, 250 F.3d at 689–90. In the Ninth Circuit, matters of public record include "[r]ecords and reports of administrative bodies." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Trademark Board proceedings, as records and reports of administrative bodies, are matters of public record. *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) ("Records and reports of administrative bodies . . . clearly constitute [matters of the public record].") Accordingly, the Court finds Exhibit 11 appropriate for judicial notice.

Exhibits 1 through 10 are copies of webpages that display the content of the webpages at the time this action was filed. The Court takes judicial notice of these exhibits to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

Accordingly, the Aether Request is GRANTED.

### III. Unt's Request for Judicial Notice

Unt submits—and asks the Court to take judicial notice of—two (2) exhibits in support of its Opposition:

    1. Exhibit One: Aether Audio Eyewear Terms & Conditions, https://aethereyewear.com/pages/terms-conditions (last visited October 20, 2021) ;

    2. Exhibit Two: Trademark Electronic Search System Record – Unt's United States Trademark Application Serial No. 79/295,088 (LIVE), A Aether + Design.

*See* Unt Request at 3–4.

The Court can take judicial notice of what was in the public realm at a certain time, not whether the contents of the material were true. *Von Saher*, 592 F.3d at 960 (holding that a court may

take judicial notice to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true"). Accordingly, this Court takes judicial notice of the webpage printout offered as Exhibit One.

The Court further takes judicial notice of the Trademark Electronic Search System Record offered as Exhibit Two as it falls into the category of public records that courts have deemed appropriate for judicial notice. *See, e.g.*, *Barron*, 13 F.3d at 1377 ("Records and reports of administrative bodies . . . clearly constitute [matters of the public record].").

Accordingly, Unt's Request is GRANTED.

## MOTION TO DISMISS UNDER 12(b)(2)

### I. Applicable Law

Under Federal Rule of Civil Procedure 12(b)(2), a party may file a motion to dismiss a complaint for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). In the face of a 12(b)(2) motion, "the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re W. States Wholesale Nat. Gas Antitrust Litig. (Western States)*, 715 F.3d 716, 741 (9th Cir. 2013). In determining whether a complaint lacks personal jurisdiction, a court may consider evidence presented in affidavits and may order discovery on the jurisdictional issues. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001), *overruled on other grounds as discussed in Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1024 (9th Cir. 2017).

Where the parties do not request and the Court does not hold an evidentiary hearing—as in this case—"the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Id.* (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)). Under such circumstances, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010), *abrogated on other grounds Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017). Although the court may not assume the truth of allegations in a pleading which are contradicted by affidavit, conflicts between the facts contained in the parties' affidavits must be

resolved in the plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

When no applicable federal statute governing personal jurisdiction exists, as is the case here, the district court applies the law of the state in which the district court sits. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). Accordingly, the Court looks to "California's longarm statute [which] allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." *Picot*, 780 F.3d at 1211 (quoting *Daimler*, 571 U.S. at 125); *see also* CAL. CIV. PROC. CODE § 410.10.

Due process allows courts to exercise jurisdiction only over a defendant who has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Personal jurisdiction may be either general or specific. *See Picot*, 780 F.3d at 1211; *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141–42 (9th Cir. 2017); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8–9 (1984).

## II. Discussion

Unt moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Mot. at 1. According to Unt, as it is located and headquartered in Estonia, it does not have the required substantial or continuous and systematic contacts with the United States or California to establish general jurisdiction. *Id.* at 3. Unt further argues that the Court lacks specific jurisdiction because Unt has neither purposefully directed its activities to the United States or California, although it has sought registration of its trademark in the United States. *Id.* In response, Aether appears to concede that the Court does not have general jurisdiction over Unt. *See generally* Opp'n. However, Aether contends that the Court has specific jurisdiction over Unt because Unt purposefully directed its activities to the United States and California by registering the "A Aether" trademark with the USPTO and promoting advertisements and offers for the Products in the United States and California. *Id.* at 5–9.

/ / /

**A. The Court lacks general jurisdiction over Unt.**

Unt argues that the Court should dismiss this case because it has no contacts with California that could support general jurisdiction. Mot. at 3. "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" *Panavision Int'l, L.P. v. Toppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting *Helicopteros*, 466 U.S. at 414–16), *modified*, *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006). The Ninth Circuit has recognized this as "an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004); *see also Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (noting that the standard for establishing general jurisdiction is "fairly high" and requires contacts "that approximate physical presence").

Unt contends it is an Estonian corporation, with a principal place of Estonia, and has no "offices, property, employees, bank accounts, or business" in the United States. Mot. at 3.

As Aether makes no argument that general jurisdiction exists, the Court deems the argument conceded. *See, e.g.*, *John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument").

**B. The Court lacks specific jurisdiction over Unt.**

"Even if a defendant has not had continuous and systematic contacts with the state sufficient to confer 'general jurisdiction,' a court may exercise 'specific jurisdiction.'" *Picot*, 780 F.3d at 1211. Unt alleges that the Court should dismiss this case because Unt has no contacts with California or the United States more broadly that could support specific jurisdiction. Mot. at 3–4. Specific jurisdiction exists where the claim for relief arises directly from a defendant's contacts with the forum state. *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

In its Opposition, Aether clarifies that it is also seeking to establish specific jurisdiction under Federal Rule of Civil Procedure 4(k)(2). Opp'n at 4. Rule 4(k)(2), also known as the federal long arm statute, authorizes district courts to exercise jurisdiction over a foreign defendant "in a narrow band of cases" where "the United States serves as the relevant forum for minimum contacts

analysis." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1126 (9th Cir. 2002); FED. R. CIV. P 4(k)(2) ("If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.").

Both Rule 4(k)(2) and the California long arm statute require that the Court's exercise of jurisdiction comport with due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

For due process to be satisfied, the following three-part "minimum contacts" test must be satisfied:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; *or* perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot*, 780 F.3d at 1211. The plaintiff bears the burden of pleading allegations satisfying the first two prongs of this test. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff is able to do so, the burden then shifts to the defendant to show why the exercise of personal jurisdiction would not be reasonable and fair under the third prong. *Id.*

      i. <u>The Court applies the "purposeful direction" test.</u>

Purposeful availment is typically defined as "actions taking place in the forum that invokes the benefits and protections of the laws in the forum." *Pebble Beach*, 453 F.3d at 1155 (citing *Schwarzenegger*, 374 F.3d at 803). Here, Aether does not argue that Unt's actions took place in California or in the United States. *See generally* Compl.; Opp'n. Instead, Aether pleads that Unt "purposefully directed its activities to the United States and California." Opp'n at 5. Further, "where . . . a case sounds in tort," the court is directed to "employ the purposeful direction test." *Axiom Foods, Inc.*, 874 F.3d at 1069. When an action is based on trademark infringement, the Ninth Circuit requires that the Court utilize the purposeful direction test. *See Ayla, LLC v. Alya Skin Pty.*

*Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) ("Trademark infringement is treated as tort-like for personal jurisdiction purposes, and so we focus on purposeful direction here.") (citing *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) ("[The plaintiff] alleges copyright and trademark infringement claims, which sound in tort, so we apply a 'purposeful direction' analysis and ask whether [the defendant] has purposefully directed activities at the United States." (citation omitted))). The Court thus applies the "purposeful direction" test.

          ii.   <u>Unt has not purposefully directed its actions toward California.</u>

When the prevailing claim is a tort: "(1) the defendant must purposefully direct his activities toward the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice." *Axiom Foods*, 874 F.3d at 1068–70 (citations and internal quotation marks omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If the plaintiff meets that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

"Evidence of direction generally consists of action taking place outside the forum that is directed at the forum." *Pebble Beach*, 453 F.3d at 1155. In the Ninth Circuit, purposeful direction is analyzed under the *Calder* "effects" test, which requires the defendant to have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (citing *Calder v. Jones*, 465 U.S. 783 (1984)). Under the third prong of the *Calder* test, the plaintiff must show "something more" than just mere harm—it must be able to show that the defendant's conduct was "expressly aimed" at California or the United States. *Id.* at 1156. "Mere foreseeability" of effects in the forum is not enough. *Schwarzenegger*, 374 F.3d at 804–05.

Unt contends that Aether failed to satisfy this three-prong test and that the Court may not exercise specific jurisdiction because not only has Unt not directed any conduct toward the United States or California, but Aether's claims do not arise out of any of Unt's California or United States related activities. Mot. at 4–7. In support of this argument, Unt alleges many of the same facts it presents to argue lack of general jurisdiction, that: (1) Unt is an Estonian corporation, with a

principal place of business in Estonia, and has never operated any locations in California; (2) Unt has no employees in the United States and does not manufacture or sell any products in the United States; and (3) the fact that Unt filed a trademark application with the USPTO, standing alone, is insufficient to establish jurisdiction. *Id.*

In response, Aether argues that Unt met the "purposeful direction" requirement by: (1) applying to register a trademark for "A Aether" for eyewear; (2) "purportedly enter[ing] into an agreement whereby it has licensed the right to use the A Aether mark on products sold in California and the United States; (3) "specifically push[ing] marketing and promotion for these infringing products to residents of the United States and California via publications available in English"; (4) promoting and advertising on its website the Products "for shipping to United States" while displaying prices and charging customers in United States Dollars. Opp'n at 6–7; Compl. ¶ 20. The Court addresses each "intentional act" in turn.

        iii.  <u>Registration and prosecution of trademark</u>

First, the fact that Unt applied to register the "A Aether" mark fails to qualify as "purposeful direction." Unt does not dispute that it applied to register an intent-to-use ("ITU") application with the USPTO. Mot. at 5. However, Hannes Unt, President of Unt Holdings, has stated that Unt has yet to sell any products using the mark. *See* Declaration of Hannes Unt ("Unt Decl."), ECF No. 28–1 ¶ 3. As the import of the purposeful direction analysis is to determine whether the defendant "purposefully direct[ed] his activities toward the forum," the mere fact of registration without any indication of actual use of the mark through sales is insufficient as it fails to show that Unt took any affirmative steps to expressly aim its actions to California. *Cf. Ayla, LLC*, 11 F.4th at 980 (where the defendant not only filed a trademark application in the United States but also "promoted its allegedly infringing product by means of references explicitly aimed at Americans" and had made "substantial sales to American consumers" in the United States).

/ / /

/ / /

       iv. <u>The Court does not find that the USPTO actions are sufficient to establish purposeful direction to California.</u>

Unt argues that the "A Aether" mark is not within its control and is instead licensed "solely to Aether Eyewear PTE." Reply at 6. Aether's argument rests on two allegations. First, Aether points to an undated interview with Hannes Unt in which Hannes Unt discloses that he collaborated with Unt's manufacturing partner to create "design prototypes" for the Products. Opp'n at 6 (citing to Caliguri Decl., Ex.1 at 10); *id.* at 11. Second, Aether also alleges that Unt engaged in an intentional act because it "engaged in an Opposition Proceeding with Aether at the Trademark Trial and Appeals Board . . . over its mark." *Id.* Both arguments are unpersuasive.

First, as previously discussed, though the Court may notice Aether's exhibits, it may not consider the facts contained in the exhibits for their truth. *See Von Saher*, 592 F.3d at 960.

Second, while engaging in a trademark prosecution proceeding may qualify as purposeful direction and express aiming,[4] trademark prosecution proceedings are not "in and of [themselves] sufficient to establish personal jurisdiction over the [defendant]." *Yahoo!*, 433 F.3d at 1209. Again, Aether must show "something more," such as an indication that Unt made a specific decision to market its eyewear in California, obtained a California-specific distributor to market and sell the eyewear, or made other contacts with the California market. *See, e.g.*, *Tobin v. Astra Pharm. Products, Inc.*, 993 F.2d 528, 544 (6th Cir. 1993). While Aether contends that Unt "implies that it has likely entered into a license agreement for the infringing products for sale in the United States," this allegation is not in the Complaint, nor are any allegations suggesting that Unt distributed products in California. *See* Opp'n at 2; Unt Decl. ¶ 4. In the absence of more direct allegations, the Court does not find that Unt caused harm that it knew is "likely to be suffered in the forum state." *Pebble Beach*, 453 F.3d at 1155. Accordingly, the Court finds the USPTO Actions insufficient to establish purposeful direction.

/ / /

/ / /

---

[4] *See Starbuzz Tobacco, Inc. v. Capomaccio*, No.: SACV 14-02056-CJC(RNBx), 2015 WL 12765458, at *3 (C.D. Cal. Mar. 4, 2015)

> v. The Court does not find that the marketing and promotion materials are sufficient to establish purposeful direction to California.

Next, Aether alleges that Unt's English-language marketing and promotion materials "push" the Products to California residents. Opp'n at 7. Aether directs the Court's attention to eight online magazine articles discussing Aether eyewear. *See* Caliguiri Decl., Exs. 2–10; Opp'n at 11. Unt argues that evidence of marketing is insufficient as only two of the proffered articles are connected to United States-based websites. *See* Reply at 6. However, the Ninth Circuit has held that "mere advertisement" without "something more" is insufficient to establish purposeful direction. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997). Aether's "something more" appears to be the fact that the advertisements are in English and that Unt's website displays costs in United States Dollars. Opp'n at 7. However, as English is the official language of over fifty countries,[5] the Court finds this argument unpersuasive.

Next, the Court considers the question of whether Unt's use of United States Dollars qualifies as purposeful direction. First, the entirety of the United States, not just California, use the United States Dollar as its currency, making this factor inconsequential regarding purposeful direction to the *state* of California. Moreover, while the Ninth Circuit has found that use of the United States Dollar by a foreign defendant may be sufficient to establish personal jurisdiction, such a determination has been made in the presence of other persuasive evidence. *See, e.g., Ayla, LLC*, 11 F.4th at 983 (finding defendant subject to personal jurisdiction in the forum state where the Court determined that the defendant "sought to capture the attention of an American audience and thereby sell allegedly infringing products to that audience with advertisements addressed to 'USA BABES,' representations that its products were approved by the FDA, and promises that it could ship goods from the Idaho distribution center to American customers within five business days" and made "about 10% of its total sales . . . to the United States" with United States currency). In the absence other availing evidence here, the Court does not find that Unt's use of the United States Dollar establishes purposeful direction to California.

---

[5] Field Listing–Languages, The World Factbook, https://www.cia.gov/the-world-factbook/field/languages (last visited June 6, 2022).

      vi. <u>The Court does not find that Unt's website is sufficient to establish purposeful direction to California.</u>

Finally, Aether's allegations regarding the Website are also unavailing. As a preliminary matter, there is no indication that Unt owns or operates the Website. *See* Unt Decl. ¶ 8; Mot. RJN, Ex. 1. Next, even if Unt does operate the Website, a general website listing and selling goods throughout the United States is not sufficient to establish "purposeful direction." *Cybersell*, 130 F.3d at 418 (mere advertisement or solicitation for sale of goods and services on a website, without "something more," does not give rise to specific jurisdiction in the plaintiff's forum); *see also Pebble Beach*, 453 F.3d at 1157 ("[W]hen a website advertiser does nothing other than register a domain name and post an essentially passive website and nothing else is done to encourage residents of the forum state, there is no personal jurisdiction." (internal quotation marks and alterations omitted)).

Viewing the evidence provided by Aether, the Court finds that Aether has not established purposeful direction toward California and thus has failed to meet the first prong of the test for specific jurisdiction.

Aether has failed to meet the first prong of the purposeful direction test. As purposeful direction requires that the plaintiff adequately satisfy the first two prongs of the test, the Court need not consider the remaining two factors: whether "the plaintiff's claim arises out of or relates to those activities," and whether "the assertion of personal jurisdiction is reasonable and fair." *Schwarzenegger*, 374 F.3d at 802.

      vii. <u>Aether has not established that Unt is subject to specific jurisdiction in the United States</u>

A federal court may exercise jurisdiction under Rule 4(k)(2) if: (1) plaintiff's cause of action arises under federal law; (2) the defendant is not subject to personal jurisdiction in any state court of general jurisdiction; and (3) the exercise of personal jurisdiction over the defendant would comport with due process. *Glencore Grain Rotterdam*, 284 F.3d at 1126.

Neither party disputes that the first and second elements are met as Aether's claims arise under the Lanham Act and Unt has not identified a state court where this case could proceed. Opp'n

at 4; Reply at 2. Thus, the parties' disagreement rests on whether the Court's exercise of personal jurisdiction would comport with due process.

> 1. *By filing a trademark application, Unt has purposefully availed itself of the privilege of doing business in the United States.*

Aether's allegations regarding Rule 4(k)(2) are identical to those alleged in support of California-specific jurisdiction. Although the due process standard under Rule 4(k)(2) is largely identical to the traditional jurisdiction analysis, the plaintiff must be able to show that the defendant has minimum contacts with the *nation as a whole* to establish jurisdiction. *See Pebble Beach*, 453 F.3d at 1159. This is a high bar. *See Holland Am. Line v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) (noting that in the "few cases in which our sister circuits have concluded that Rule 4(k)(2) conferred jurisdiction," the defendants have had "extensive contacts with this country").

For the same reasons discussed above, the Court does not find that the Rule 4(k)(2) application changes its analysis as to Aether's website allegations. However, in this instance, the Court finds Unt's advertisement allegations and USPTO actions sufficient to show purposeful availment to the United States. Opp'n at 8. Although use of the United States Dollar and USPTO actions are insufficient to establish purposeful direction to California, the same cannot be said for purposeful direction as it relates to nationwide jurisdiction. The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts" with the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Unlike in California, where Unt did not take any affirmative steps to target California or avail itself of the privilege of doing business specifically under California law, by filing a trademark application, Unt has specifically availed itself of the privilege of doing business under United States law.[6] Indeed, as stated above, Unt does not dispute that it applied to register an ITU application with

---

[6] As Aether points out, other courts—both district and appellate level—have held that trademark applications are sufficient to establish purposeful availment. *See* Opp'n at 9–10 (citing cases). The Ninth Circuit has yet to affirmatively rule on this point and courts within this circuit are split. *Compare VMR Prods, LLC v. V2H ApS*, No. 13-cv-07719-CBM, 2014 WL 12591932, at *4 (C.D. Cal. Aug. 4, 2014) (finding purposeful availment where the defendant had engaged in a USPTO action and secured a United States-based distributor); *Monster*

the USPTO. Mot. at 5. Section 1(b) of the Lanham governs trademark applications and requires that an ITU application include "the applicant's bona fide intention to use the mark in [United States] commerce." 15 U.S.C. § 1051(b)(3)(B); 3 McCarthy on Trademarks and Unfair Competition § 19:14 (5th ed. 2022) ("Lanham Act § 1(b) requires that the applicant make a verified statement upon application that it has a 'bona fide intention' to use the mark in commerce.").

Moreover, the Court finds that Unt's use of United States Dollars is sufficient to show purposeful availment of the privileges of doing business in this country. As previously stated, courts have found use of United States currency sufficient to establish purposeful availment when evidence of the use of currency exists in conjunction with additional relevant evidence. *See Ayla, LLC*, 11 F.4th at 983. As the Court finds that the USPTO action is sufficient to show purposeful availment, viewing the use of the United States Dollar in conjunction with the USPTO action, the Court finds that Aether has produced enough evidence here.

Accordingly, the Court finds the USPTO action and the use of the United States Dollar sufficient to establish this prong.

*2. Aether has not sufficiently alleged foreseeable harm.*

The Court next evaluates whether Aether has alleged foreseeable harm. Aether contends that its harm was foreseeable because by Unt engaging in a USPTO action, "it was foreseeable that the harm caused by Unt or its licensee using the infringing mark would be felt in the United States . . . where Aether is undisputably [sic] located." Opp'n at 12. However, the Court finds that this allegation is insufficient. First, Aether does not adequately detail the harm that it has endured. This

---

*Cable Prods., Inc. v. Euroflex S.R.L.*, 642 F.Supp. 2d 1001, 1010 (N.D. Cal. 2009) (holding that "[t]he privilege of trademark registration invokes the benefits and protections of trademark law" and is thus sufficient to establish jurisdiction under Rule 4(k)(2)), *with Fumoto Giken Co., Ltd. v. Mistuoka*, No. CV 14-9797 DMG (MRWx), 2015 WL 12766167, at *6 (C.D. Cal. Apr. 16, 2015) (finding that "evidence of the existence of [a] .com website and the PTO trademark registration . . . does not amount to sufficient minimum contacts to comport with due process."). However, having considered the underlying rationale of "minimum contacts"—"that a nonresident will be aware that it is subject to suit in the forum state"—the Court finds a trademark application to be sufficient. 3–E, "Minimum Contacts" Doctrine, *Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial* (Nat Ed.).

prong requires that Aether show "something more" than just mere harm. "Mere foreseeability" of effects in the forum is not enough. *Schwarzenegger*, 374 F.3d at 804–05.

As this test requires that Aether satisfy both the first and second prongs of the test, the Court need not consider the final requirement—whether exercise of jurisdiction would be unreasonable.

In sum, the Court finds specific jurisdiction under Rule 4(k)(2) improper.

### C. The Court grants Aether leave to conduct jurisdictional discovery.

Aether requests leave to conduct jurisdictional discovery if the Court declines to find Unt subject to personal jurisdiction. Opp'n at 16. Specifically, Aether seeks "evidence regarding the terms of the license for use of Unt's mark and sale of products in the [United States]." *Id*. Unt argues that the court should deny this request as "no amount of discovery" would change the fact that Unt lacks the sufficient minimum contacts to make personal jurisdiction proper. Reply at 8.

The Ninth Circuit adopts a liberal standard with respect to the granting of jurisdictional discovery, noting that it "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (internal quotation marks omitted). A district court may deny jurisdictional discovery "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants." *Pebble Beach*, 453 F.3d at 1160.

The Court finds jurisdictional discovery appropriate. Indeed, the Court's denial to find personal jurisdiction under Rule 4(k)(2), particularly as it relates to Unt's use of the United States Dollar, is largely predicated on the paucity of evidence provided by Aether. As such, the record indicates that further discovery may outweigh the Court's determinations regarding the reasonableness of hauling Unt into court in the United States more broadly. Accordingly, the Court GRANTS Aether's request for jurisdictional discovery as to this limited purpose.

/ / /

/ / /

## CONCLUSION

In light of the foregoing reasons, the Court ORDERS:

1) Unt and Aether's Requests for Judicial Notice are GRANTED;

2) Unt's Motion to Dismiss for lack of personal jurisdiction is GRANTED without prejudice;

3) Unt's Motion to Dismiss for failure to state a claim is DENIED AS MOOT; and

4) Aether is Request for Jurisdictional Discovery is GRANTED. The parties must submit a discovery plan as to the limited purpose of terms of Unt's license for use of the Mark and sale of products in the United States no later than fourteen (14) days from the date of this Order;

5) To the extent that Aether seeks to amend its Complaint upon the completion of jurisdictional discovery, it must do so within thirty (30) days of the end of the allotted discovery period.

IT IS SO ORDERED.

Dated: October 31, 2022

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge